UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK WALKER,
        Plaintiff,         Civil Action No.: 14-11017
                                  Honorable Judith E. Levy
v.                               Magistrate Judge Elizabeth A. Stafford

RAMESH KILARU, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
KILARU'S MOTION TO DISMISS [26] AND DEFENDANT STIEVE'S
MOTION FOR SUMMARY JUDGMENT [11]**

### I.    INTRODUCTION

Before the Court are two motions, one by defendant Dr. Ramesh Kilaru to dismiss claims against him made by plaintiff inmate Roderick Walker, and a second, by Dr. Jeffrey Stieve, for summary judgment on Walker's claims against him. For the following reasons, the Court recommends granting both motions. [11, 26].

### II.    BACKGROUND

Walker, a Michigan Department of Corrections ("MDOC") inmate proceeding *pro se*, brings his verified complaint against Drs. Kilaru and Stieve for violation of his Eighth Amendment right to be free from cruel and unusual punishment. He alleges that both defendants were deliberately

indifferent to his serious medical needs when they ignored certain medical evidence in rendering and accepting a diagnosis that Walker alleges was contrary to the medical evidence of record, and which resulted in the stoppage of necessary pain medication. Walker alleges that, as a result, he has been in intractable pain that has caused him to pass out on at least one occasion, necessitating emergency room treatment.

Walker has been diagnosed with degenerative disc disease ("DDD"). From 2008 through 2013 the Pain Management Committee ("PMC") had approved a prescription of the narcotic Ultram for his condition. Walker had been offered surgery but declined due to the associated risks, opting to continue medical maintenance. Dr. Kilaru re-evaluated Walker's condition in September 2013, after Walker transferred to his present facility. Dr. Kilaru reviewed the details of Walker's medical history, but his examination revealed no neurological deficits at any spinal level and a normal range of motion throughout his spine and extremities. Dr. Kilaru opined that "[t]he diagnosis here appears to be Myalgia [muscle pain] rather than Myopathy [muscle disease] or Radiculopathy [pinched or irritated nerves] as he has no neurological deficit despite MRI findings in the record namely DDD. Actual MRI could not be located." [1, Pg. ID 16]. Dr. Kilaru filled out Walker's PMC reevaluation plan and explained the reevaluation process to

him. *Id.*

The PMC, with Dr. Stieve as the head, evaluated Walker's plan in October 2013 and determined that Ultram was not indicated due to the diagnosis of myalgia. [1, Pg ID 17]. Instead, the medical providers were directed to offer Tylenol and/or an anti-inflammatory. *Id.* Walker's Ultram prescription was immediately stopped. Less than a week later, Walker fell in the yard and was taken to the emergency room, allegedly due to his increased pain level as a result of no longer having access to Ultram. While there, CT scans were performed on his lumbar, thoracic and cervical spine revealing a mild disc bulge at L3-4, a mild disc degeneration at T11-12 and multilevel degenerative disc disease throughout the cervical spine. [1, Pg ID 18-21, 24].

From October 2013 to January 2014, Walker filed grievances, contacted the deputy warden, and kited the health care unit, all in an effort to have his Ultram prescription reinstated. He was informed that local health care staff could not override PMC decisions, and that the PMC would not review his case again for another three to six months. Defendants allege, and Walker denies, that he was offered Tylenol and an anti-inflammatory in December 2013, but that he declined to accept them. Walker requested the Tylenol treatment plan in January 2014, and alleges

3

that it has been ineffective to control his pain.

On March 7, 2014, Walker filed suit against Drs. Kilaru and Stieve, alleging deliberate indifference of a serious medical need, in violation of the Eighth Amendment. He alleges that the doctors showed reckless disregard for his health when they failed to review his old MRI films or order new films before diagnosing him with myalgia rather than radiculopathy from degenerative disc disease, and when they stopped his Ultram prescription.

Drs. Kilaru and Stieve move to dismiss and for summary judgment, respectively, arguing that Walker has alleged only medical negligence at most, which is insufficient to support an Eighth Amendment claim for deliberate indifference. Dr. Stieve further alleges that he is entitled to qualified immunity on Walker's claims against him.

### III.   LEGAL STANDARD

####    A.   Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

5

*Iqbal*, 556 U.S. at 678.  Furthermore, the Court is not required to "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers.  *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).  Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  Indeed, such complaints still must plead a plausible claim for relief.  *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

### B.   Summary Judgment

Federal Rule of Civil Procedure 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  The party

6

seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). A fact is material if it could affect the outcome of the case based on the governing substantive law. *Liberty Lobby*, 477 U.S. at 248. A dispute about a material fact is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

If the movant satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). The opposing party "may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory

statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).  Moreover, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252.

In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  The Court need only consider the cited materials, but it may consider other evidence in the record.  Fed. R. Civ. P. 56(c)(3).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Liberty Lobby*, 477 U.S. at 249.

## IV. ANALYSIS

### A. Eleventh Amendment Immunity

Walker sues Dr. Stieve in both his official and individual capacities.  While part of the relief he seeks is injunctive in nature, namely ordering of

Dr. Stieve to reinstate his Ultram prescription, to the extent he also sues Dr. Stieve for money damages, his official capacity claim is barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

### B. Failure to State a Claim

Defendants argue that Walker has failed to state an Eighth Amendment claim against them.  The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal citations omitted).  "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eight[h] Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

As the Sixth Circuit recently explained, the standards that a plaintiff must satisfy to state a claim for deliberate indifference to his serious medical needs includes both an objective and a subjective component: the plaintiff must show the "existence of a sufficiently serious medical need" and also that the defendant disregarded that need with a "'sufficiently

culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'" *Broyles v. Correctional Medical Servs., Inc.*, 478 Fed. Appx. 971, 975 (6th Cir. 2012) (internal citations omitted). Here, Defendants concede that Walker's degenerative disc disease is a serious medical condition. Therefore the Court's focus is on the subjective prong of the test.

A plaintiff "alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The *Comstock* court further explained, "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.* (internal citations omitted).

Here, Walker's complaint sounds in medical malpractice, rather than deliberate indifference. He alleges that Kilaru "failed to inquire into essential facts that were necessary to make a professional judgment" and "instead made a subjective diagnosis, contrary to the record" resulting in the PMC stopping Ultram. [1, Pg. ID 6]. He makes identical allegations against Dr. Stieve. *Id.*, Pg ID 7. But a failure to inquire into relevant facts,

and the rendering of a subjective diagnosis contrary to the medical record, are actions generally insufficient to rise to the level of deliberate indifference. Even where a doctor "carelessly," "inefficaciously" or "incompeten[tly]" assesses a prisoner's condition, this is at most medical negligence and not deliberate indifference. *Comstock*, 273 F.3d at 703.

Moreover, the documents attached to Walker's complaint belie his allegations against Dr. Kilaru. According to the doctor's treatment notes, he acknowledged the previous MRI findings of degenerative disc disease despite the fact that the actual films were not in his possession. Nevertheless, he determined that Walker's pain was caused by myalgia after conducting a physical examination that revealed no neuro-sensory deficits and a full range of motion in Walker's spine and extremities. Although Walker disagrees with Dr. Kilaru's diagnosis, the mere difference of opinion between a prisoner and prison medical staff over diagnosis and treatment does not constitute deliberate indifference. *Wright v. Gardner*, 57 Fed. Appx. 666, 669 (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). This conclusion is not changed by the fact that Walker had a different diagnosis for the previous six years, as even a difference of opinion among doctors is generally insufficient to state a claim of deliberate indifference. *See e.g. Colwell v. Corizon Healthcare*, No. 11-cv-15586,

11

2014 U.S. Dist. LEXIS 165866, at *35 (E.D. Mich. Aug. 11, 2014) *adopted by* 2014 U.S. Dist. LEXIS 165458, 2014 WL 6686764 (E.D. Mich. Nov. 26, 2014) (difference of opinion between primary care physician and approval committee insufficient for deliberate indifference).

The same reasoning applies to Dr. Stieve. Additionally, Dr. Stieve and the PMC provided Tylenol and anti-inflammatories as an alternate to Ultram, thus negating Walker's claim of "deliberateness tantamount to an intent to punish" necessary for an Eighth Amendment claim. *See Titlow v. Correctional Med. Servs. Inc.*, 507 Fed. Appx. 579, 585 (6th Cir. 2012) (committee's decision to deny surgical consult not deliberate indifference where an alternative treatment plan was proposed). Although Walker claims that this alternative treatment plan was ineffective, it does not render Stieve's actions unconstitutional. *Bertl v. City of Westland*, No. 07-2547, 2009 U.S. App. LEXIS 2086, at *14-15, 2009 WL 247907, at *5 (6th Cir. Feb. 2, 2009) (*citing Comstock*, 273 F.3d at 703)). For these reasons, Walker has failed to state an Eighth Amendment violation against either Dr. Kilaru or Dr. Stieve.[1]

## V. CONCLUSION

---

[1] Because the Court finds that Walker has failed to allege a constitutional violation, it does not address whether Dr. Stieve is alternatively entitled to qualified immunity.

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motions to dismiss **[26]** and for summary judgment **[11]** be GRANTED.

Dated: February 5, 2015  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2015.

        s/Marlena Williams
        MARLENA WILLIAMS
        Case Manager